**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BALJIT KAUR, | No. 10-70512 |
| Petitioner, | Agency No. A098-176-995 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges

    Baljit Kaur, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We review for

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We reject Kaur's challenge to the agency's adverse credibility determination because the record does not compel a finding of credibility given the many discrepancies between her testimony and supporting documents. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *Don v. Gonzales*, 476 F.3d 738, 741-45 (9th Cir. 2007) (upholding adverse credibility finding where "a reasonable factfinder could have reached this result"); *Wang v. INS*, 352 F.3d 1250, 1257-58 (9th Cir. 2003) (upholding adverse credibility finding based in part on inconsistencies between testimonial and documentary evidence and concluding evidence presented did not compel contrary result). Accordingly, in the absence of credible testimony, we deny the petition as to Kaur's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Kaur's CAT claim is based on the same statements the agency found not credible, and she does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be

tortured by or with the acquiescence of the government if returned to India, her

CAT claim fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**